IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Earl Zink, | ) | |
|    Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 5604 |
| Client Services, Inc., a Missouri corporation, | ) ) ) ) | |
|    Defendant. | ) | <u>Jury Demanded</u> |

### COMPLAINT

Plaintiff, Earl Zink, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Earl Zink ("Zink"), is a citizen of the State of Missouri, from whom Defendant attempted to collect a delinquent consumer debt owed for a Discover credit card, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Client Services, Inc. ("CSI"), is a Missouri corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Kansas, Mississippi, Texas and Missouri, Defendant CSI operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including many thousands of consumers in the State of Illinois. In fact, Defendant CSI was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant CSI is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, CSI conducts business in Illinois.

6. Moreover, Defendant CSI is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, CSI acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Mr. Zink is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a Discover credit card. When CSI began trying to collect the Discover card debt from Mr. Zink, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant CSI's collection actions.

8. Specifically, CSI sent Mr. Zink an initial form collection letter, dated June 30, 2011, demanding payment of the Discover card debt. A copy of this collection letter is attached as Exhibit C.

9. Accordingly, on July 21, 2011, one of Mr. Zink's attorneys at LASPD informed CSI, in writing, that Mr. Zink was represented by counsel, and directed CSI to cease contacting him, and to cease all further collection activities because Mr. Zink was forced, by his financial circumstances, to refuse to pay his unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit D.

10. Nonetheless, Defendant CSI called Mr. Zink directly including, but not limited to, telephone calls on July 13, 2012 and July 14, 2012, from telephone number 800-521-3236, attempting to collect the Discover card debt.

11. Accordingly, on July 16, 2012, one of Mr. Zink's LASPD attorneys had to write to Defendant CSI again to demand that it cease communications and cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit E.

12. Defendant CSI's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant CSI's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they

3

refuse to pay.  See, 15 U.S.C. § 1692c(c).

16.     Here, the letter from Mr. Zink's, agent/attorney, LASPD, told Defendant CSI to cease communications and cease collections (Exhibit D).  By continuing to communicate regarding this debt and calling Mr. Zink in an attempt to get payment, Defendant CSI violated § 1692c(c) of the FDCPA.

17.     Defendant CSI's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18.     Plaintiff adopts and realleges ¶¶ 1-13.

19.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

20.     Defendant CSI knew that Mr. Zink was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibit D), that he was represented by counsel, and had directed Defendant CSI to cease directly communicating with him.  By directly calling Mr. Zink, despite being advised that he was represented by counsel, Defendant CSI violated § 1692c(a)(2) of the FDCPA.

21.     Defendant CSI's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15

U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Earl Zink, prays that this Court:

1. Find that Defendant CSI's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Zink, and against Defendant CSI, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Earl Zink, demands trial by jury.

                                                  Earl Zink,

                                                  By: /s/ David J. Philipps
                                                  One of Plaintiff's Attorneys

Dated: July 17, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com